UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DAVID KEETON,

    Plaintiff,

vs.

CASE NO.: 3:21-CV-83

ELITE TECHNOLOGIES &
COMMUNICATIONS, INC.,

    Defendant.

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, DAVID KEETON, ("KEETON" or "Plaintiff") was an employee of Defendant, ELITE TECHNOLOGIES & COMMUNICATIONS, INC, ("ELITE" or "Defendant") and bring this action for unpaid overtime compensation, liquidated damages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## INTRODUCTION

1. Plaintiff brings this action pursuant to 29 U.S.C. §216(b) and 29 U.S.C. §207(a).

2. The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4. The liquidated damages provision of the FLSA constitutes a congressional

recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5. To the extent any partial payments have been made by Defendant to Plaintiff of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiff and against Defendant as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *Id.*

6. Defendant has violated and continues to violate the FLSA by misclassifying certain employees as "independent contractors".

7. Misclassification of employees as independent contractors "deprives employees of critical workplace protections and employment benefits to which they are legally entitled."[1]

8. Misclassification of workers also costs the government billions of dollars in unpaid taxes.[2]

9. Due to the rise in misclassification among the American workforce, the Department of Labor's Wage and Hour Division has launched a nationwide "Misclassification Initiative." *See* http://www.dol.gov/whd/workers/misclassification/.

10. Defendant's misclassification of Plaintiff puts law-abiding companies at a

---

[1] Statement of Secretary of Labor Hilda L. Solis on introduction of legislation regarding issue of misclassification, U.S. Department of Labor, Wage and Hour Division (April 22, 2010), *available online at* www.dol.gov.

[2] Annual Report of the White House Task Force on the Middle Class, Executive Summary at "v" (February 2010), available online at http://www.whitehouse.gov/strongmiddleclass/reports.

competitive disadvantage.[3]

## JURISDICTION AND VENUE

11. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages and reasonable attorney's fees and costs.

12. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 as they arise under the FLSA, 29 U.S.C. §201, *et seq*.

13. Defendant, ELITE, conducts business in, among others, Mecklenburg County, North Carolina, therefore venue is proper in the Western District of North Carolina, Charlotte Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## PARTIES

14. Defendant, ELITE, a North Carolina Profit Corporation, is in the business of operating a network communication and installation company with an office located at 572 Griffith Road, Charlotte, North Carolina 28217.

15. Plaintiff, KEETON, worked as an installer for Defendant from on or around January 2019 through August 2020.

## COVERAGE

16. At all material times hereto, Defendant was, and continues to be, an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

17. At all material times, Defendant was an "employer" as defined by 29 U.S.C. § 203(d).

---

[3] *See supra* note 2 at pg. 21.

18. Based upon information and belief, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) during the relevant time periods.

19. At all times material, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    a. Engaged in commerce; or

    b. Engaged in the production of goods for commerce; or

    c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. electrical equipment, tools and/or fiber optic equipment).

20. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## GENERAL ALLEGATIONS

21. Defendant, ELITE, is among other things, a telecom space and power service company providing communications and installation services to Defendant's customers. *See* Defendant's website at https://www.elitetechcomm.com/about-us.

22. Plaintiff worked as an installer for Defendant from on or around January 2019 through December 2020.

23. Defendant classified Plaintiff as an employee from January 2014 to on or around February 2020.

24. Defendant classified Plaintiff as an "independent contractor" from on or around February 2020 to August 2020.

25. Defendant failed to compensate Plaintiff for certain compensable time, which resulted in unpaid overtime compensation.

26. Specifically, Defendant failed to properly compensate Plaintiff for certain compensable travel time, which resulted in unpaid overtime hours.

27. Defendant also failed to compensate Plaintiff for the time spent performing certain administrative duties, which resulted in unpaid overtime hours.

28. On or around November 2019, Defendant paid Plaintiff as an employee for hours worked during the week, but as an "independent contractor" for hours worked on the weekends, in order to avoid paying Plaintiff additional overtime pay.

29. As a result, Plaintiff is entitled to additional overtime pay.

30. On or around February 2020, Defendant classified and paid Plaintiff as an "independent contractor" for all hours worked, including the hours worked during the week.

31. As a result, Defendant failed to pay Plaintiff overtime compensation for his hours worked over forty (40) per week.

32. Plaintiff performed the same primary installation duties for Defendant whether classified as an employee or an "independent contractor" by Defendant.

33. Plaintiff's job did not require any specialized skills other than those which were taught to him during Defendant's training session(s) and/or through "continuing education" provided by Defendant. *See* Defendant's website at https://www.elitetechcomm.com/careers.

34. The work performed by Plaintiff was integral to Defendant's business because Defendant was paid by its customers for the services provided by Plaintiff.

35. Plaintiff was economically dependent upon Defendant for his livelihood.

36. Plaintiff was economically dependent upon the compensation he received for his

5

Case 3:21-cv-00083-FDW-DCK   Document 1   Filed 02/25/21   Page 5 of 10

exclusive work performed for Defendant.

37. Plaintiff was not in business for himself.

38. Plaintiff was paid directly by Defendant.

39. Defendant determined the nature and amount of Plaintiff's pay.

40. Plaintiff did not have the ability to negotiate his rate(s) of pay.

41. Plaintiff did not negotiate his rate(s) of pay.

42. Plaintiff's rate(s) of pay was preset by Defendant.

43. Defendant controlled the work schedule of Plaintiff.

44. Plaintiff's weekly schedule varied depending on the needs of Defendant's customers.

45. Plaintiff could not refuse work offered by Defendant.

46. Defendant restricted Plaintiff from performing similar duties with other companies like Defendant.

47. In fact, Defendant required Plaintiff to execute and enter into a "Master Subcontract Agreement" which included a non-compete provision restricting Plaintiff from directly or indirectly performing similar services or seeking similar employment during the term of the Agreement <u>and</u> for a period of one (1) year following his employment/contractor services.

48. As such, Plaintiff was clearly not in business for himself and was instead made economically dependent on Defendant based on Defendant's very own non-compete restriction.

49. Defendant was closely supervised by Defendant's supervisors.

50. Plaintiff regularly communicated with Defendant's supervisors and/or management during the performance of his duties.

51. When classified as an "employee" of Defendant, Plaintiff reported to Christopher

Edison, an employee of Defendant.

52. When classified as an "independent contractor" of Defendant, Plaintiff reported to Christopher Edison, an employee of Defendant.

53. Plaintiff was required to notify Defendant's supervisors and/or management whenever he completed his job assignments.

54. Plaintiff did not have discretion with respect to the performance of his job assignments.

55. Defendant required Plaintiff to complete paperwork on a daily basis regarding work performed.

56. Defendant issued Plaintiff a uniform/shirt bearing Defendant's company logo.

57. Defendant provided Plaintiff with the tools and equipment needed to perform his work (i.e. hydraulic crimper and vehicles, etc.)

58. Defendant was an "employer" of Plaintiff within the meaning of the FLSA.

59. Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

60. Throughout his employment with Defendant, Plaintiff regularly worked in excess of forty (40) hours per week during one or more workweeks.

61. Despite working more than forty (40) hours per week during one or more work weeks, Defendant failed to pay Plaintiff overtime compensation at a rate of time and one-half times his regular rate of pay for hours worked over forty (40) in a workweek, contrary to §207(a) of the FLSA.

62. Defendant misclassified Plaintiff as an "independent contractor" and failed to pay him proper overtime compensation for all overtime hours worked during one or more workweeks.

63. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation to Plaintiff.

64. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

65. Defendant had acted willfully in failing to pay Plaintiff in accordance with the law.

66. Defendant failed to maintain proper time records as mandated by law.

67. Defendant failed to post informational posters as required by law advising its employees of their rights under the FLSA.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

68. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1- 67 above.

69. Plaintiff was entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) per workweek.

70. During the relevant time period (the last three years) throughout his employment with Defendant, Plaintiff worked overtime hours without receiving time and one-half compensation for all of his overtime hours worked during one or more workweeks contrary to the FLSA.

71. Plaintiff should have earned time and one-half compensation for each hour worked in excess of forty (40) hours per workweek.

72. Defendant had knowledge of the overtime hours worked by Plaintiff.

8

Case 3:21-cv-00083-FDW-DCK   Document 1   Filed 02/25/21   Page 8 of 10

73. Defendant is aware of the laws which require its employees to be paid overtime compensation on a week by week basis.

74. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. 255(a).

75. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff his proper overtime wages during one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

76. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

77. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant;

a. Awarding Plaintiff overtime compensation in the amount due to him for the time worked in excess of forty (40) hours per workweek as allowable under the statute of limitations;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award, or alternatively, awarding pre-judgment interest;

c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

d. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Respectfully submitted this 25th day of February, 2020 by,

/s/ Adam A. Smith
ADAM A. SMITH, ESQ.
Bar No.: 31798
RIDDLE & BRANTLEY, LLP
601 N. Spence Avenue
Goldsboro, NC 27534
Telephone: (919) 779-9700
Email: AAS@justicecounts.com
*Local Civil Rule 83.1 Counsel*


/s/ Kimberly De Arcangelis
KIMBERLY DE ARCANGELIS, ESQ.
Bar No.: 0025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: KimD@forthepeople.com
Trial Attorneys for Plaintiff
*Pro Hac Forthcoming*