UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cv-00083-FDW-DCK

| | |
|---|---|
| DAVID KEETON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ELITE TECHNOLOGIES & ) | |
| COMMUNICATIONS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on the parties' Joint Motion to Approve Settlement, (Doc. No. 25). Neither party requested a hearing, and the Court finds the issues sufficiently briefed. For the reasons stated herein and in the Motion, the Court GRANTS the Motion and APPROVES the Settlement.

## I. BACKGROUND

In January 2019 Defendant Elite Technologies & Communications, Inc. hired Plaintiff David Keeton as an installer of telecommunications equipment. (Doc. No. 1, p. 4). The parties do not dispute that from January 2019 until late November 2019 Plaintiff worked as an employee of Defendant. (Doc. No. 26, p. 1). Plaintiff contends he remained an employee of Defendant until at least August 2020. Id. Defendant, on the other hand, asserts Plaintiff performed work for both Defendant and Third-Party Defendant 515 Communications, LLC ("**515 Communications**"), a limited liability company owned by Plaintiff, from November 2019 until late February 2020, when Plaintiff resigned his employment with Defendant to work exclusively as the owner/employee of

1

515 Communications. Id. at 1-2. It is undisputed that Plaintiff performed no work for Defendant in any capacity after August 2020. Id. at 2.

On February 25, 2021, Plaintiff filed the instant suit seeking to recover from Defendant alleged unpaid overtime compensation, liquidated damages, and other relief under the Fair Labor Standards Act ("**FLSA**"). See (Doc. No. 1). Defendant denies the allegations set forth in Plaintiff's Complaint and asserts "Plaintiff was not only paid all monies due and owing to him whether in his capacity as an employee or an independent contractor, but [] was paid more as an independent contractor than he would have earned as an employee, even taking overtime hours into consideration." (Doc. No. 26, p. 2). The parties engaged in extensive discovery and have participated in multiple e-mail and telephone conferences in an effort to resolve this matter. Id. at 3. In March 2022, the parties executed an "Agreement and Mutual General Release" (the "**Settlement Agreement**"), wherein Defendant has agreed to pay $13,500.00 to Plaintiff and $16,500.00 to Plaintiff's counsel for attorney's fees and costs, for a total of $30,000.00 in settlement of this action. Id. at 4. In exchange for this payment, Plaintiff has agreed to dismiss this lawsuit with prejudice and release Defendant from any and all claims which were alleged or could have been alleged through the date of execution of the Settlement Agreement. Id.; see also (Doc. No. 25-1).

## II. JOINT SETTLEMENT APPROVAL

When an action is brought against an employer under the FLSA, any settlement "must be presented to the district court for review and determination that the settlement is fair and reasonable." Kirkpatrick v. Cardinal Innovations Healthcare Sols., 352 F. Supp. 3d 499, 502 (M.D.N.C. 2018). A court may only approve an FLSA settlement if the settlement is a "fair and

reasonable compromise of disputed claims and issues arising from a *bona fide* dispute raised pursuant to the FLSA." Id. at 502 (emphasis in original) (citation omitted). Accordingly, "[t]he Court must ensure: (1) FLSA issues are actually in dispute; (2) the proposed settlement to those issues is fair and reasonable in light of relevant factors from Rule 23; and (3) the proposed attorneys' fees are reasonable, if included in the agreement." Thaxton v. Bojangles' Restaurants, Inc., 3:18-cv-00665-MOC-DCK, 2020 WL 6997891, at *2 (W.D.N.C. Mar. 4, 2020).

### a. Bona Fide Dispute

As set forth above, the Court must first determine whether a *bona fide* dispute exists. Id. "A bona fide dispute is one in which there is some doubt whether the plaintiff would succeed on the merits at trial." Mitchell v. Accelerated Claims, Inc., 3:19-cv-710-FDW-DSC, 2021 WL 6882313, at *1 (W.D.N.C. Dec. 30, 2020) (citations omitted). In making this determination, a court looks to the pleadings and proposed settlement agreement. Id. (citations omitted). After careful review of the record, this Court finds FLSA issues are clearly in dispute in the present action. Plaintiff alleges Defendant failed to pay overtime compensation and incorrectly classified him as an independent contractor. (Doc. No. 1). Defendant denies these allegations and further claims it paid Plaintiff more as an independent contractor than he would have earned as an employee. (Doc. No. 26, pp. 2-3). Throughout this litigation, the parties have exchanged numerous sets of discovery, including hundreds of pages of payroll records and other data. Id. at 3. Accordingly, a *bona fide* dispute exists between the parties.

### b. Fair and Reasonable

Once the Court determines a *bona fide* dispute exists, the Court must review the proposed settlement to determine if it is fair and reasonable. Kirkpatrick, 352 F. Supp. 3d at 502. In

3

reviewing the proposed settlement for its fairness and reasonableness in the FLSA settlement context, and in line with other courts within the Fourth Circuit, the Court considers the following factors from Rule 23(e) of the Federal Rules of Civil Procedure:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiff; (5) the probability of plaintiff's success on the merits; and (6) the amount of the settlement in relation to the potential recovery.

Id. at 502–03 (quoting Hargrove v. Ryla Teleservices, Inc., 2013 WL 1897027, at *2 (E.D. Va. Apr. 12, 2013). In evaluating these factors, a court should keep in mind the "strong presumption in favor of finding a settlement fair." Id. (quoting Lomascolo v. Parsons Brinkerhoff, Inc., 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009).

Considering these factors, the Court finds the proposed settlement is fair, reasonable, and in the best interest of Plaintiff. First, it is undisputed that extensive discovery has taken place, including the exchange and investigation of Plaintiff's payroll and time records. (Doc. No. 26, p. 6). Second, it is clear that further litigation would be complex, expensive, and uncertain, particularly in light of the fact that "the parties sharply disagree about several critical factual and legal issues." Id. at 6-7. Third, there is no evidence of fraud or collusion. Instead, the parties, who were represented by counsel, collectively reached this settlement and believe it is a "fair, reasonable, and just compromise of disputed issues." Id. at 7. In the absence of evidence to the contrary, "[t]here is a presumption no fraud or collusion occurred between counsel." Lomascolo, 2009 WL 3094955, at *12. As to the Fourth factor, the Court is persuaded that both Plaintiff and Defendant were represented by Counsel with extensive experience in FLSA litigation. (Doc. No. 26, p. 6). Finally, regarding the Fifth and Sixth factors, the parties assert, and the Court agrees,

4

the proposed settlement avoids uncertain risks and protracted litigation. Id. at 8. Indeed, the proposed settlement provides Plaintiff with "more than full relief of his strongest FLSA claims and recognizes the value in avoiding a potential indemnification claim against him as the sole member of 515 Communications[]." Id. In addition, there is no indication Plaintiff would receive more than provided in this settlement if the case were to proceed to trial. The Court therefore finds the payments reasonable as compared to the probability of Plaintiff's success on the merits and the amount of settlement reasonable in relation to potential recovery. Based on the foregoing, this Court finds the proposed settlement to be fair and reasonable.

### c. Attorney's Fees

"Under the FLSA, [a] court is authorized to award a reasonable attorney's fee to be paid by the defendant, and costs of the action, in addition to any judgment awarded to the plaintiff." Kirkpatrick, 352 F. Supp. 3d at 503 (internal quotation omitted) (quoting 29 U.S.C. § 216(b) (2018). After careful review of the record, and because Plaintiff has expressly stated "he is specifically aware of, and agrees to, the consideration to be paid to his attorneys for representing his interests in this matter," and the fees were agreed to separate and apart from the amounts paid to Plaintiff, the Court also approves the parties' negotiated agreement as to the attorney's fees and costs to be paid by Defendant. (Doc. No. 26, p. 8); See Blaney v. Charlotte-Mecklenburg Hospital Authority, 3:10-cv-592, 2012 WL 13012965, at *3 (W.D.N.C. Aug. 13, 2012) ("The settlement contemplates total compensation for Plaintiff's counsel… which the Court finds reasonable…. The Plaintiffs in this case have not only withheld objection to the settlement, they have each signed off and agreed upon the settlement."); McBean v. City of New York, 233 F.R.D. 377 (S.D.N.Y. 2006) ("If, however, money paid to the attorneys is entirely independent of money awarded to the

5

class, the Court's fiduciary role in overseeing the award is greatly reduced, because there is no conflict of interest between attorneys and class members.").

### III. CONCLUSION

IT IS THEREFORE ORDERED that the Parties' Joint Motion for Approval of Settlement, (Doc. No. 25), is GRANTED, and the proposed settlement is APPROVED.

This action is DISMISSED with prejudice, with the Court retaining jurisdiction to enforce the terms of the agreement, if necessary.

IT IS SO ORDERED.

Signed: May 10, 2022

Frank D. Whitney
United States District Judge